UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RODNEY ASUEGA, ) <br> ) <br> Defendant. ) <br> _____ ) | No.: CR-05-70322 EDL <br> Honorable Magistrate Judge Laporte <br><br> **ORDER GRANTING PRETRIAL RELEASE UNDER CONDITIONS FOR LIMITED PERIOD TO OBTAIN URGENT MEDICALLY NECESSARY TREATMENT** |

This matter came before this Court on May 25, 2005 and May 26, 2005 for a detention hearing and on the defendant's Motion for Pretrial Release on Bail. The defendant, present and in custody, was represented by James Bustamante. The United States was represented by Assistant United States Attorney Steve Jigger. Both sides were afforded an opportunity prior to the hearing to review the report of Pretrial Services. On May 25, 2005, the government argued and Pretrial Services concurred that the defendant should be detained because no condition or combination of conditions could reasonably assure the appearance of the defendant as required. However, the government could not propose any method to address the undisputed urgency of the defendant's need to undergo immediate medical treatment for his life-threatening illness. This Court continued the hearing for one day to permit the government to investigate whether suitable surgery was available quickly to the defendant should he be detained. In the meantime,

1

the Court received a letter from Dr. Orr, the Medical Director at Santa Rita Jail, where the defendant has been detained since his arrest, stating that no surgeon at the Jail's contract hospital could perform the surgery.  At the hearing on May 26, 2005, the government agreed not to appeal this Court's decision on release, but reserved the right to ask the Court for different or additional conditions of release.

Having considered the parties' proffer on May 25, 2005, the Pretrial Services Report, and the files and records in this matter, the Court finds that the government has not met its burden of showing by clear and convincing evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant for the time in which he is undergoing necessary surgery and follow-up care.  The Court is mindful that under ordinary circumstances, the defendant would be detained based on his risk of flight.  However, the extraordinary medical circumstances of this case lessen the risk that he will flee before obtaining and recovering from necessary surgery, and render his release necessary for the purpose of obtaining timely treatment for his life-threatening illness.  Further, there are stringent conditions that adequately assure that he will not flee or pose a danger to the community during his limited release for medical treatment.

The defendant suffers from colorectal cancer, which was diagnosed in late 2004.  His doctor, Dr. Ault, states that the defendant underwent chemotherapy and radiation therapy (neo-adjuvant therapy) in preparation for definitive surgical treatment.  That therapy concluded on February 28, 2005.  Dr. Ault was scheduled to perform a proctocolectomy with ileal-anal pouch formation on the defendant on May 13, 2005, but the defendant was arrested on May 10, 2005.  According to Dr. Ault, it is the accepted standard of care to proceed with this surgery in a period of six to eight weeks after the completion of the neo-adjuvant therapy.  The defendant was already past this time frame when he first saw Dr. Ault, and the defendant is approaching twelve weeks after completion of the neo-adjuvant therpay, which is outside the accepted standard of care for proceeding with the surgery.  Dr. Ault, however, is willing to proceed forthwith with the surgery at the University of Southern California.  See May 20, 2005 Letter from Dr. Ault (attached as Exhibit A).

Dr. Orr states:

> I cannot stress more strongly that it is vitally important that he have this surgery as soon as possible. In checking with the surgical services here at Highland General Hospital (our contract facility), there is no one on staff there performing this type of colon surgery.

Dr. Orr requests that the defendant be permitted to travel to Southern California for the surgery. He further states: "Please note that as time passes and his surgery is delayed the chances for his recovery diminish significantly." See May 25, 2005 Letter from Dr. Orr (attached as Exhibit B).

      The Court is persuaded by the opinions of Dr. Ault and Dr. Orr that the defendant must immediately undergo this surgery in Southern California. The defendant's medical condition is grave and time is of the essence. He is presumed innocent and should not be in effect sentenced to death because of pending charges of which he has not been convicted. Even if he had been convicted, he would still be entitled to medical care that is not deliberately indifferent to his urgent medical needs. Under these particular circumstances, the defendant presents a reduced risk of flight. The Court does not believe that the defendant will flee prior to obtaining potentially life-saving treatment with Dr. Ault. Immediately after the treatment, the defendant will be too weak to flee. The defendant's release will only be for the duration of the surgery(ies) and his hospital stay(s) and necessary follow-up care with Dr. Ault; as soon as the defendant is released from the hospital and can be adequately cared for while detained, he will be taken into custody. Also, it is clear based on Dr. Orr's letter and statements by the government at the hearings on May 25 and 26, 2005 that the defendant could not receive the necessary treatment on a timely basis if he is in custody.

      Further, the Court has set additional stringent conditions, as reflected on the bond. Family members and friends are signing signature bonds as custodians and sureties and two are posting real property with equity in the amount of $547,000. The defendant will be subject to electronic monitoring, supervision and other conditions as well.

//
//
//
//

In view of his serious illness and the necessity for immediate surgery, the defendant's Motion for Pretrial Release is GRANTED for the purpose of undergoing surgery(ies) in Southern California.

DATED: May 26, 2005

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge

4